IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.   Criminal No. 3:07CR414

JOE LESTER POPE

**MEMORANDUM OPINION**

Joe Lester Pope, a federal inmate proceeding pro se, filed this 28 U.S.C. § 2255 motion.

**I. PROCEDURAL HISTORY**

On November 6, 2007, a grand jury charged Pope with two counts of distributing heroin and one count of distribution of cocaine base. On January 7, 2008, the United States charged Pope in a superseding criminal information with one count of conspiracy to possess with intent to distribute crack cocaine. Pope pled guilty to conspiracy to possess with intent to distribute crack cocaine. On March 28, 2008, pursuant to a determination that Pope was a career offender, the Court sentenced Pope to a 151-month term of imprisonment.

**II. POPE'S GROUNDS FOR § 2255 RELIEF**

On March 23, 2009, the Court received Pope's 28 U.S.C. § 2255 Motion. Pope raises the following claims:

> Claim One Trial counsel rendered ineffective assistance by failing to challenge the Court's use of a dismissed charge as a predicate felony for the purposes of career offender status.

Claim Two Trial counsel rendered ineffective assistance by allowing Pope to plead guilty when no factual basis existed for Pope's guilty plea.

In its response, the United States contends that Pope's claims lack merit. For the reasons explained below, Pope's claims will be DISMISSED and the Section 2255 motion will be DENIED.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate the ineffective assistance of counsel, a defendant must first show that counsel's representation was deficient and then that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The Supreme Court further has admonished that, "[t]o counteract the natural tendency to fault an unsuccessful defense, a court reviewing a claim of ineffective assistance must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Nix v. Whiteside, 475 U.S. 157, 165 (1986)(quoting Strickland, 466 U.S. at 689).

To satisfy the prejudice prong of Strickland, the defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

2

have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In the context of a guilty plea, the Supreme Court has modified this second prong of Strickland to require the defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

A. Claim One: Failure to Challenge Predicate Convictions

Pope claims that the convictions on which the Court relied to determine that Pope was a career offender were actually nolle prossed. In support of this claim, Pope submits records indicating that, on September 1, 1993, the following charges from the City of Richmond were nolle prossed: Possession of Heroin Simultaneously with a Firearm, No. F-93-1101; Possession of Cocaine Simultaneously with a Firearm, No. F-93-1102; and Possession of Cocaine with Intent to Distribute after Previous Convictions for Like Offense, No. F-93-2680. (Mem. Supp. § 2255 Mot. Ex. A.) The Presentence Report reflects that the predicate offenses for the Career Offender determination were the following convictions in the Circuit Court for the City of Richmond: "[T]he September 1, 1993, Possession of Cocaine with Intent to Distribute After Previous

3

Conviction for Like Offense,[1] and the August 10, 1993, Distribution of Cocaine After Previous Conviction for Like Offense."[2] (Presentence Report ¶ 33.) In response, the United States points out that the Court relied on none of these offenses in determining that Pope was a career offender. Instead, the Court relied on Pope's conviction for Possession of Heroin in No. F-93-1100. (See Presentence Report ¶ 24.) Because Pope has failed to demonstrate deficiency or prejudice, Claim One will be DISMISSED.

B. **Claim Two: Ineffectiveness in Conjunction with Guilty Plea**

In Count Two, Pope faults counsel for allowing Pope to plead guilty when no factual basis existed in support of his guilty plea. In evaluating this claim, the representations of the defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). In light of the strong presumption of verity that attaches to a petitioner's declarations during his plea proceedings, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably

---

[1] This conviction is described in paragraph 24 of the Presentence Report.

[2] This conviction is described in paragraph 25 of the Presentence Report.

4

incredible and patently frivolous or false." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005)(internal citations and quotations omitted). Thus, the United States Court of Appeals for the Fourth Circuit has admonished that "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 221-22.

Pope contends that "no factual basis existed for [the] District Court's acceptance of Defendant Pope's guilty plea."[3] (§ 2255 Mot. 6.) Pope does not, however, explain this inconsistency with his own sworn statement of facts, in which Pope averred that, had he gone to trial, the United States could have proven beyond a reasonable doubt the admitted fact that "[f]rom in or about Summer 2007, and continuing through on or about October 12, 2007 . . . [Pope] did knowingly, intentionally, and unlawfully conspire with others to possess with intent to distribute and distribute . . . cocaine base, commonly known as 'crack.'"[4] (Statement of Facts ¶ 1.) This admission constitutes a sufficient factual basis for the Court's finding of guilt.

---

[3] Capitalization corrected.

[4] To the extent Pope seeks to bring any independent challenge to the sufficiency of the evidence supporting his guilty plea, his admissions similarly foreclose such a challenge.

5

Pope persists that counsel represented "that [Pope] was going to enter a plea for Possession of Heroin. It was not until he was in the courtroom . . . that Attorney Greene told him that he had a take-it-or-leave-it plea for Conspiracy to Possess with Intent to Distribute Crack Cocaine." (Mem. Supp. § 2255 Mot. 13.) Nevertheless, the Plea Agreement clearly informed Pope of the crime to which he was admitting guilt, the rights that he waived by pleading guilty, and the maximum penalties to which his admission of guilt exposed him.[5] (Plea Agreement ¶¶ 1, 4, 5-9, 21.) Pope does not allege that he would have insisted on going to trial had he been more fully aware of the implications of his guilty plea. Pope therefore cannot demonstrate any prejudice arising from any action or inaction by counsel. Claim Two will be DISMISSED.

The 28 U.S.C. § 2255 Motion will be DENIED. Pope's claims will be DISMISSED.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless

---

[5] Additionally, review of the recording of Pope's January 7, 2008 plea hearing demonstrates that Pope represented under oath that the statement of facts was true, and that he understood the elements of the crime to which he pleaded guilty, the rights he was waiving, the maximum penalties, and the implications of his guilty plea. (Jan. 7, 2008 Recording of Proceedings before the Hon. M. Hannah Lauck, 3:55 p.m. - 4:13 p.m.)

6

a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Pope is entitled to further consideration in this matter. A certificate of appealability is therefore DENIED.

The Clerk is DIRECTED to send a copy of the Memorandum Opinion to Pope and counsel for the United States.

An appropriate Order shall issue.

/s/ Robert E. Payne
Robert E. Payne
Senior United States District Judge

Date: November 12, 2010
Richmond, Virginia